

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**July 21, 2025 13:23**

By: ZIAD TAYEH 0088027

Confirmation Nbr. 3560013

ROBIAH DARWISH                                    CV 25 121180

      vs.

CUYAHOGA COUNTY, ET AL.                    **Judge:**  ANDREW J. SANTOLI

**Pages Filed:**  19

**IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO**

**ROBIAH DARWISH**
27191 Pompton Drive
North Olmsted, OH 44070

       Plaintiff,

vs.

**CUYAHOGA COUNTY**
c/o Law Department
2079 E. 9th Street
Cleveland, OH 44115

and

**CARMILLE FANARA**
c/o Cuyahoga County Sheriff's Office
1215 w 3rd Street
Cleveland, OH 44113

and

**MATTHEW LAWLER**
c/o Cuyahoga County Sheriff's Office
1215 w 3rd Street
Cleveland, OH 44113

and

**ADAM BABICS**
c/o Cuyahoga County Sheriff's Office
1215 w 3rd Street
Cleveland, OH 44113

and

**DANIEL BERMAN**
c/o Cuyahoga County Sheriff's Office
1215 w 3rd Street
Cleveland, OH 44113

       Defendants.

CASE NO.:

JUDGE:

**COMPLAINT**
(with jury demand)

Now comes Plaintiff Robiah Darwish ("Plaintiff"), by and through undersigned counsel, and for her Complaint, alleges as follows:

**INTRODUCTION**

1. This civil rights action arises from a physical assault committed by Cuyahoga County Sheriff deputies against Plaintiff, a Palestinian woman, while she was engaged in constitutionally protected speech. On or about July 30, 2024, Plaintiff participated in a peaceful protest at the Cuyahoga County Administrative Headquarters following a County Council meeting. Alongside dozens of demonstrators—predominantly Palestinian—Plaintiff protested Cuyahoga County's financial investment in Israeli bonds. The protesters called for the County's divestment from Israel in light of the ongoing hostilities in Gaza, which the International Criminal Court has deemed a plausible genocide. Multiple respected human rights organizations, including Amnesty International, Human Rights Watch, and Doctors Without Borders, have explicitly classified Israeli military action in Gaza as genocide. During this time, several Cuyahoga County Sheriff deputies, including Defendants Matthew Lawler ("Defendant Lawler"), Adam Babics ("Defendant Babics"), Carmille Fanara ("Defendant Fanara"), and Daniel Berman ("Defendant Berman")(collectively, the "Deputy Defendants") each physically assaulted Plaintiff. The physical assault—unprovoked, unjustified, and politically retaliatory—was a direct result of a policy and practice of using intimidation and force to suppress unpopular political speech.

2. Defendant Cuyahoga County has adopted and perpetuated customs, policies, patterns, and practices of harming citizens engaged in protected activity, and has failed to properly train, supervise, discipline, and monitor its employees, including the Deputy Defendants, resulting in the violations complained of herein.

**THE PARTIES**

3.    Plaintiff is an individual who resides in Cuyahoga County.

4.    Defendant Cuyahoga County ("Defendant Cuyahoga") is an Ohio political subdivision that, at all relevant times herein, employed the Deputy Defendants.

5.    Defendant Lawler is an individual employed by Cuyahoga County, with his place of employment located at 1215 w 3rd Street, Cleveland, OH 44113.

6.    Defendant Babics is an individual employed by Cuyahoga County, with his place of employment located at 1215 w 3rd Street, Cleveland, OH 44113.

7.    Defendant Fanara is an individual employed by Cuyahoga County, with his place of employment located at 1215 w 3rd Street, Cleveland, OH 44113.

8.    Defendant Berman is an individual employed by Cuyahoga County, with his place of employment located at 1215 w 3rd Street, Cleveland, OH 44113.

9.    The Deputy Defendants are being sued in their individual capacities.

**JURISDICTION AND VENUE**

10.   This Court is a court of general jurisdiction with authority to preside over federal questions and hear federal constitutional claims under 42 U.S.C. § 1983. Jurisdiction is proper as this Complaint sets forth federal claims pursuant to 42 U.S.C. § 1983 et seq. and the 1st, 4th, 5th, and 14th Amendments to the United States Constitution.

11.   This Court has jurisdiction over Plaintiff's state and common law claims.

12.   Venue is proper, as the acts and omissions giving rise to Plaintiff's claims occurred in Cuyahoga County, Ohio.

**FACTS AND BACKGROUND**

13.   On or about July 30, 2024, Plaintiff Robiah Darwish, a then 21-year-old Palestinian woman and journalism student, was present at the Cuyahoga County Administrative Headquarters located at 2079 E 9th Street, Cleveland, OH 44115, as part of a peaceful protest following a County Council meeting.

14. The demonstration, which included numerous individuals of Palestinian descent, sought to express opposition to the County's investment in Israeli bonds—speech plainly protected under the First Amendment.

15. The protesters assembled peacefully in the hallway outside the County Council meeting room at the County Administrative Headquarters, where they chanted peaceful expressions in support of their cause.

16. Without warning or lawful cause, Defendant Lawler aggressively plowed through the crowd, shoving demonstrators indiscriminately and elbowing Plaintiff in the process.

17. Close behind, Defendant Fanara followed Defendant Lawler's path, also moving forcefully through the peaceful crowd.

18. As Defendant Fanara passed Plaintiff, he aggressively shoved her without justification, then, after passing her, turned around and, again, without provocation, grabbed and shoved her using significant force.

19. Defendant Babics, accompanying Defendant Fanara, likewise shoved Plaintiff while walking past her, then joined Defendant Fanara in physically assaulting her.

20. Several demonstrators stepped in to protect Plaintiff from the escalating assaults by the Defendants Babics and Fanara—interventions that likely prevented even more serious harm from being inflicted upon her.

21. Moments later, Defendant Berman grabbed Plaintiff and aggressively shoved her against a wall, even though she posed no threat.

22. At all times, Plaintiff remained peaceful and compliant. Plaintiff was at all times herein unarmed and posed no risk of harm to anyone, including the Deputy Defendants.

23. The Deputy Defendants' coordinated acts of physical aggression—undertaken in response to constitutionally protected protest—were excessive, unreasonable, and retaliatory.

24. The Deputy Defendants' assaults against Plaintiff were in retaliation for Plaintiff exercising protected speech.

25. The Deputy Defendants' further assaulted Plaintiff because she is of Palestinian ethnicity and national origin.

26. These assaults caused Plaintiff physical injuries and emotional trauma and were particularly egregious given that they were taken in retaliation for engaging in civic participation and protected speech.

27. Plaintiff was forced to undergo medical treatment and suffered lost wages as a result of her injuries.

28. None of the Deputy Defendants articulated any legal basis for their use of force, nor was Plaintiff arrested or cited. The attack reflects a pattern of unlawful conduct and deliberate indifference to constitutional rights by Defendant Cuyahoga and its agents.

29. As a direct and proximate result of the Defendants' conduct, Plaintiff was deprived of her constitutional rights, including her rights to exercise freedom of speech, personal security and integrity, and equal protection under the law. As a result of the Defendants' conduct, Plaintiff suffered serious and painful personal injuries to both her body and mind, psychological damage, emotional distress, and other damages. Plaintiff was further required to incur expenses for medical care and treatment and has suffered a loss of earnings and earning capacity.

### COUNT I: FEDERAL CONSTITUTIONAL VIOLATION
(42 U.S.C. § 1983: First and Fourteenth Amendment/Free Speech)
(As to the Deputy Defendants)

30. Plaintiff re-alleges and reincorporates all paragraphs contained in this Complaint as if fully rewritten herein.

31. Plaintiff had the right to freely engage in speech and expressive conduct under the First Amendment to the United States Constitution. These rights are fully applicable to state and local governments and their officials by operation of the Fourteenth Amendment.

32. Plaintiff engaged in constitutionally protected speech and expressive conduct by participating in a peaceful protest at the Cuyahoga County Administrative Headquarters on July 30, 2024.

33. The Deputy Defendants, acting under color of law, intentionally targeted Plaintiff for adverse treatment, including physical assault, because of the content and viewpoint of her speech, which criticized the County's investment in Israeli bonds.

34. The actions of the Deputy Defendants—including but not limited to shoving, grabbing, and assaulting Plaintiff—were retaliatory and intended to chill, punish, and suppress Plaintiff's lawful political expression.

35. The Deputy Defendants' actions violated clearly established rights under the First Amendment to the United States Constitution.

36. As a direct and proximate result of the Deputy Defendants' conduct, Plaintiff suffered physical and emotional injuries, economic losses, constitutional violations, humiliation, embarrassment, and a chilling of her expressive rights. Plaintiff was further required to incur expenses for medical care and treatment and has suffered a loss of earnings and earning capacity.  All the foregoing injuries and damage are permanent in nature and will continue into the foreseeable future.

37. The Deputy Defendants at all relevant times herein acted with intent, malice, oppression, and a conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages. Plaintiff is also entitled to reasonable attorney fees.

### COUNT II: FEDERAL CONSTITUTIONAL VIOLATION
(42 U.S.C. § 1983: Fourteenth Amendments/Excessive Force)
(As to all the Deputy Defendants)

38. Plaintiff re-alleges and reincorporates all paragraphs contained in this Complaint as if fully rewritten herein.

39. Under the Fourteenth Amendments to the United States Constitution, Plaintiff had the right to personal security and bodily integrity.

40. Plaintiff had a clearly established right under the Fourteenth Amendments to be free from excessive force by law enforcement.

41. The force used by the Deputy Defendants was objectively unreasonable under the circumstances and excessive in light of Plaintiff's peaceful, non-threatening conduct.

42. The Deputy Defendants' actions violated clearly established rights under the Fourteenth Amendment to the United States Constitution.

43. As a direct and proximate result of the Deputy Defendants' conduct, Plaintiff suffered physical and emotional injuries, economic losses, constitutional violations, humiliation, embarrassment, and a chilling of her expressive rights. Plaintiff was further required to incur expenses for medical care and treatment and has suffered a loss of earnings and earning capacity.  All the foregoing injuries and damage are permanent in nature and will continue into the foreseeable future.

44. The Deputy Defendants at all relevant times herein acted with intent, malice, oppression, and a conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages. Plaintiff is also entitled to reasonable attorney fees.

### COUNT III: FEDERAL CONSTITUTIONAL VIOLATION
(42 U.S.C. § 1983: Fifth and Fourteenth Amendments/Equal Protection of Law)
(As to all the Deputy Defendants)

45. Plaintiff re-alleges and reincorporates all paragraphs contained in this Complaint as if fully rewritten herein.

46. Under the Fifth and Fourteenth Amendments to the United States Constitution, Plaintiff had the right to equal protection under the law.

47. Plaintiff suffered unequal treatment at the hands of the Deputy Defendants by virtue of her Palestinian ethnicity.

48. The Deputy Defendants perpetrated the assault against Plaintiff due to her Palestinian ethnicity.

49. The Deputy Defendants violated Plaintiff's right to equal protections of law by assaulting Plaintiff as described herein.

50. The Deputy Defendants' actions violated clearly established rights under the Fifth and Fourteenth Amendment to the United States Constitution.

51. As a direct and proximate result of the Deputy Defendants' conduct, Plaintiff suffered physical and emotional injuries, economic losses, constitutional violations, humiliation,

embarrassment, and a chilling of her expressive rights. Plaintiff was further required to incur expenses for medical care and treatment and has suffered a loss of earnings and earning capacity. All the foregoing injuries and damage are permanent in nature and will continue into the foreseeable future.

52. The Deputy Defendants at all relevant times herein acted with intent, malice, oppression, and a conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages. Plaintiff is also entitled to reasonable attorney fees.

### COUNT IV: FEDERAL CONSTITUTIONAL VIOLATION
(42 U.S.C. § 1983: First and Fourteenth Amendment/Free Speech
*Monell* Liability for Deliberate Indifference/Failure to Train and Supervise)
(As to Defendant Cuyahoga)

53. Plaintiff re-alleges and reincorporates all paragraphs contained in this Complaint as if fully rewritten herein.

54. Plaintiff has the right to free speech under the First Amendment to the U.S. Constitution.

55. The Deputy Defendants acted under the color of law when they violated Plaintiff's right to free speech, personal security and bodily integrity, and equal protection under the law.

56. Plaintiff exercised her constitutionally protected right to engage in peaceful political protest and expressive conduct on July 30, 2024.

57. The physical assault by the Deputy Defendants was directly motivated by Plaintiff's participation in political protest, and was intended to punish or silence her viewpoint based on the content of her speech.

58. Defendant Cuyahoga, through its policymakers and leadership, maintained policies, customs, and practices that tolerated or encouraged the use of force, intimidation, and harassment against individuals engaging in protected speech, especially speech critical of Israel.

59. Because Defendant Cuyahoga has tolerated such acts of violence against people engaging in protected speech, the Deputy Defendants understood that they were welcome to abuse Plaintiff without fear of reprisal.

60. Defendant Cuyahoga failed to properly train its deputies and employees regarding the rights of protestors and the constitutional limitations on law enforcement's ability to suppress political dissent.

61. Defendant Cuyahoga also failed to supervise, monitor, and discipline deputies known or likely to engage in the suppression of protected speech and use of force to suppress protected speech, despite being on notice of similar prior conduct and risks.

62. Defendant Cuyahoga permits, tolerates, and is deliberately indifferent to a pattern and practice of suppression of speech by its deputies and employees. This widespread tolerance of using force to suppress speech by deputies and other employees constitutes a county policy, practice, pattern, and custom, and led the Deputy Defendants to attack Plaintiff without valid reason.

63. This failure to train and supervise reflects deliberate indifference to the known or obvious consequences of such policies, especially in the context of protests involving politically sensitive or unpopular viewpoints.

64. Defendant Cuyahoga's failure to implement adequate safeguards or disciplinary mechanisms allowed the Deputy Defendants to retaliate against Plaintiff and others based on the content of speech, without consequence.

65. Defendant Cuyahoga had notice of a pattern of constitutionally offensive acts by its deputies and employees, but took no steps to remedy these violations in response to the notice.

66. These failures constitute deliberate indifference to the rights and safety of individuals and their right to engage in free speech, and directly caused or contributed to the excessive force used against Plaintiff.

67. Defendant Cuyahoga violated Plaintiff's right to engage in protected speech by failing to investigate the allegations of physical assaults of Plaintiff by the Deputy Defendants, failing to take corrective action against the Deputy Defendants, failing to adequately train and supervise, manifesting deliberate indifference to the Constitutional violations against Plaintiff and other citizens.

68. By permitting, tolerating, and sanctioning a custom, policy, pattern, and practice of excessive force usage by County deputies and other employees to suppress speech, including those perpetrated against Plaintiff, Defendant Cuyahoga deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States.

69. Said pattern of policies and practices are  a violation of Plaintiff's right to engage in protected speech.

70. As a direct and proximate result of this deliberate indifference, Plaintiff suffered a deprivation of her First Amendment rights, as well as physical and emotional harm.

71. Defendants' failure to train and supervise Sheriff deputies and other employees and deliberate indifference to the deprivation of the Constitutional rights of citizens caused the Constitutional violations suffered by Plaintiff.

72. Said pattern of policies and practices are  a violation of Plaintiff's constitutional rights, including the right to free speech.

73. As a direct and proximate result of the Defendant Cuyahoga's conduct, Plaintiff suffered physical and emotional injuries, economic losses, constitutional violations, humiliation, embarrassment, and a chilling of her expressive rights. Plaintiff was further required to incur expenses for medical care and treatment and has suffered a loss of earnings and earning capacity.  All the foregoing injuries and damage are permanent in nature and will continue into the foreseeable future.

## COUNT V: FEDERAL CONSTITUTIONAL VIOLATION
(42 U.S.C. § 1983: Fourteenth Amendments/Excessive Force
*Monell* Liability for Deliberate Indifference/Failure to Train and Supervise)
(As to Defendant Cuyahoga)

74. Plaintiff re-alleges and reincorporates all paragraphs contained in this Complaint as if fully rewritten herein.

75. Plaintiff had a clearly established right to be free from unreasonable, excessive, and unjustified physical force by law enforcement officers.

76. On July 30, 2024, Plaintiff was subjected to multiple acts of unprovoked and excessive force by the Deputy Defendants while she was peaceful, unarmed, and compliant.

77. Defendant Cuyahoga failed to adequately train its deputies in the appropriate use of force, especially in the context of protest events involving nonviolent demonstrators.

78. Defendant Cuyahoga also failed to supervise, monitor, and discipline deputies known or likely to engage in excessive force, despite being on notice of similar prior conduct and risks.

79. The behavior of the Deputy Defendants that harmed Plaintiff is part of a recurring pattern of excessive force used on individuals engaged in protected activity or those under the care or custody of Defendant Cuyahoga.

80. Because Defendant Cuyahoga has tolerated such acts of indiscriminate and excessive violence, the Deputy Defendants understood that they are welcome to abuse Plaintiff without fear of reprisal.

81. Defendant Cuyahoga permits, tolerates, and is deliberately indifferent to a pattern and practice of excessive force by its deputies and employees. This widespread tolerance of excessive force by deputies and other employees constitutes a county policy, practice, pattern, and custom, and led the Deputy Defendants to attack Plaintiff without valid reason.

82. Defendant Cuyahoga had notice of a pattern of constitutionally offensive acts by its deputies and employees, but took no steps to remedy these violations in response to the notice.

83. These failures constitute deliberate indifference to the rights and safety of individuals, including Plaintiff, and directly caused or contributed to the excessive force used against her.

84. Defendant Cuyahoga violated Plaintiff's right to personal security and bodily integrity by failing to investigate the allegations of physical assaults of Plaintiff by the Deputy Defendants, failing to take corrective action against the Deputy Defendants, and failing to adequately train and supervise, manifesting deliberate indifference to the constitutional violations against Plaintiff and other citizens.

85. By permitting, tolerating, and sanctioning a custom, policy, pattern, and practice of excessive force usage by County deputies and other employees, including those perpetrated against Plaintiff, Defendant Cuyahoga deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States.

86. Said pattern of policies and practices are a violation of Plaintiff's right to personal security and bodily integrity.

87. As a direct and proximate result of the Defendant Cuyahoga's conduct, Plaintiff suffered physical and emotional injuries, economic losses, constitutional violations, humiliation, embarrassment, and a chilling of her expressive rights. Plaintiff was further required to incur expenses for medical care and treatment and has suffered a loss of earnings and earning capacity. All the foregoing injuries and damage are permanent in nature and will continue into the foreseeable future.

## COUNT VI: FEDERAL CONSTITUTIONAL VIOLATION
(42 U.S.C. § 1983: Fourteenth Amendment/Equal Protection
*Monell* Liability for Deliberate Indifference/Failure to Train and Supervise)
(As to Defendant Cuyahoga)

88. Plaintiff re-alleges and reincorporates all paragraphs contained in this Complaint as if fully rewritten herein.

89. Plaintiff is a Palestinian American woman who is entitled to equal protection pursuant to the Fourteenth Amendment to the United States Constitution.

90. The Deputy Defendants targeted Plaintiff in connection with a protest led primarily by individuals of Palestinian descent, objecting to Defendant Cuyahoga's policy of investing in Israeli bonds.

91. Plaintiff was subjected to physical aggression and disparate treatment by the Deputy Defendants due to her Palestinian ethnicity and national origin.

92. The physical aggression and differential treatment of Plaintiff by the Deputy Defendants were motivated by unlawful discriminatory animus, including based on Plaintiff's ethnicity, national origin, and political viewpoint.

93. Defendant Cuyahoga failed to provide training, oversight, and accountability mechanisms to prevent or detect discriminatory enforcement practices by its deputies and other employees.

94. Defendant Cuyahoga's failure to act on a known or obvious risk of discriminatory conduct among its deputies constituted deliberate indifference to the rights of ethnic minorities and politically disfavored groups.

95. Defendant Cuyahoga's failure to train and supervise its deputies with respect to equal protection obligations allowed discriminatory treatment to flourish unchecked.

96. The behavior of the Deputy Defendants that harmed Plaintiff is part of a recurring pattern discriminatory conduct against individuals, including those engaged in protected activity.

97. Because Defendant Cuyahoga has tolerated such acts of discriminatory conduct by its deputies and employees, the Deputy Defendants understood that they are welcome to abuse Plaintiff without fear of reprisal.

98. Defendant Cuyahoga permits, tolerates, and is deliberately indifferent to a pattern and practice of discriminatory conduct by its deputies and employees. This widespread tolerance of such conduct by deputies and other employees constitutes a county policy, practice, pattern, and custom, and led the Deputy Defendants to discriminate against and attack Plaintiff without valid reason.

99. Defendant Cuyahoga had notice of a pattern of constitutionally offensive acts by its deputies and employees, but took no steps to remedy these violations in response to the notice.

100. These failures constitute deliberate indifference to the equal protection rights and safety of individuals, including Plaintiff, and directly caused or contributed to the excessive force used against her.

101. The County Defendants violated Plaintiff's right to equal protection by failing to investigate the allegations of physical assaults of Plaintiff by the Deputy Defendants, failing to take corrective action against the Deputy Defendants, and failing to adequately train and supervise, manifesting deliberate indifference to the constitutional violations against Plaintiff.

102. By permitting, tolerating, and sanctioning a custom, policy, pattern, and practice of discriminatory conduct by County deputies and other employees, including those perpetrated against Plaintiff, Defendant Cuyahoga deprived Plaintiff of her right to equal protection and other rights, remedies, privileges, and immunities guaranteed to every citizen of the United States.

103. Said pattern of policies and practices are  a violation of Plaintiff's right to equal protection under the law.

104. As a direct and proximate result of the Defendant Cuyahoga's conduct, Plaintiff suffered physical and emotional injuries, economic losses, constitutional violations, humiliation, embarrassment, and a chilling of her expressive rights. Plaintiff was further required to incur expenses for medical care and treatment and has suffered a loss of earnings and earning capacity. All the foregoing injuries and damage are permanent in nature and will continue into the foreseeable future.

### COUNT VII: CIVIL LIABILITY FOR CRIMINAL ACTS
(R.C. § 2307.60: Assault under R.C. § 2903.13)
(As to the Deputy Defendants)

105. Plaintiff re-alleges and reincorporates all paragraphs contained in this Complaint as if fully rewritten herein.

106. R.C. § 2307.60 provides, "Anyone injured in person or property by a criminal act has, and may recover the full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code."

107. The conduct complained of above constitutes criminal acts on the part of the Deputy Defendants. Such crimes include, but are not limited to:

   a. assault (R.C. § 2903.13(A));

   b. interfering with civil rights (R.C. § 2921.45(A));

   c. unlawful restraint (R.C. § 2905.03(A));

   d. dereliction of duty (R.C. § 2921.44(C)(2)); and

   e. intimidation (R.C. § 2921.03).

108. As a direct and proximate result of the Deputy Defendants' conduct, Plaintiff suffered physical and emotional injuries, economic losses, constitutional violations, humiliation, embarrassment, and a chilling of her expressive rights. Plaintiff was further required to incur expenses for medical care and treatment and has suffered a loss of earnings and

earning capacity.  All the foregoing injuries and damage are permanent in nature and will continue into the foreseeable future.

109. The Deputy Defendants at all relevant times herein acted with intent, malice, oppression, and a conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages. Plaintiff is also entitled to reasonable attorney fees and statutory damages.

## COUNT VIII: COMMON LAW ASSAULT
### (As to the Deputy Defendants)

110. Plaintiff re-alleges and reincorporates all paragraphs contained in this Complaint as if fully rewritten herein.

111. The Deputy Defendants intentionally, willfully, wantonly, and maliciously, without privilege, placed Plaintiff in apprehension of imminent physical harm.

112. As a direct and proximate result of the Deputy Defendants' conduct, Plaintiff suffered physical and emotional injuries, economic losses, constitutional violations, humiliation, embarrassment, and a chilling of her expressive rights. Plaintiff was further required to incur expenses for medical care and treatment and has suffered a loss of earnings and earning capacity.  All the foregoing injuries and damage are permanent in nature and will continue into the foreseeable future.

113. The Deputy Defendants at all relevant times herein acted with intent, malice, oppression, and a conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages. Plaintiff is also entitled to reasonable attorney fees.

## COUNT IX: COMMON LAW BATTERY
### (As to the Deputy Defendants)

114. Plaintiff re-alleges and reincorporates all paragraphs contained in this Complaint as if fully rewritten herein.

115. The Deputy Defendants intentionally, willfully, wantonly, and maliciously, without privilege, provocation, or consent attacked Plaintiff as described herein.

116. As a direct and proximate result of the Deputy Defendants' conduct, Plaintiff suffered physical and emotional injuries, economic losses, constitutional violations, humiliation, embarrassment, and a chilling of her expressive rights. Plaintiff was further required to incur expenses for medical care and treatment and has suffered a loss of earnings and earning capacity.  All the foregoing injuries and damage are permanent in nature and will continue into the foreseeable future.

117. The Deputy Defendants at all relevant times herein acted with intent, malice, oppression, and a conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages. Plaintiff is also entitled to reasonable attorney fees.

### COUNT X: COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(As to the Deputy Defendants)

118. Plaintiff re-alleges and reincorporates all paragraphs contained in this Complaint as if fully rewritten herein.

119. The Deputy Defendants intentionally and recklessly caused Plaintiff severe emotional distress through extreme and outrageous conduct.

120. As a direct and proximate result of the Deputy Defendants' conduct, Plaintiff suffered physical and emotional injuries, economic losses, constitutional violations, humiliation, embarrassment, and a chilling of her expressive rights. Plaintiff was further required to incur expenses for medical care and treatment and has suffered a loss of earnings and earning capacity.  All the foregoing injuries and damage are permanent in nature and will continue into the foreseeable future.

121. The Deputy Defendants at all relevant times herein acted with intent, malice, oppression, and a conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages. Plaintiff is also entitled to reasonable attorney fees.

### COUNT XI: RECKLESS HIRING, TRAINING, SUPERVISION, DISCIPLINE, STAFFING, AND RETENTION
(As to Defendant Cuyahoga)

122. Plaintiff re-alleges and reincorporates all paragraphs contained in this Complaint as if fully rewritten herein.

123. Defendant Cuyahoga employed, asserted agency control over, and/or otherwise directed the Deputy Defendants in their assault of Plaintiff and violations of Plaintiff's constitutional rights.

124. Defendant Cuyahoga failed to exercise due care and acted in a reckless manner in hiring, training, supervising, disciplining, staffing, and retaining the Deputy Defendants.

125. Defendant Cuyahoga's reckless conduct in this regard proximately caused Plaintiff's injuries.

126. As a direct and proximate result of the Defendant Cuyahoga's conduct, Plaintiff suffered physical and emotional injuries, economic losses, constitutional violations, humiliation, embarrassment, and a chilling of her expressive rights. Plaintiff was further required to incur expenses for medical care and treatment and has suffered a loss of earnings and earning capacity.  All the foregoing injuries and damage are permanent in nature and will continue into the foreseeable future.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against Defendants follows:

A. Declare that Defendants' acts and conduct constitute violations of the First, Fifth, and Fourteenth Amendment to the United States Constitution, as well as of 42 U.S.C. § 1983 and state law;

B. Enter judgment in favor of Plaintiff in an amount greater than $25,000 on all claims for relief;

C. Award full compensatory damages including, but not limited to, damages for pain and suffering, mental anguish, emotional distress, humiliation, embarrassment, and inconvenience that Plaintiff has suffered and is reasonably certain to suffer in the future;

D.  Punitive damages and exemplary damages for the Deputy Defendants' egregious, willful, and malicious conduct (note that, consistent with well-established law, Plaintiff does not seek punitive damages from Cuyahoga County but instead only from the Deputy Defendants);

E.  All statutory damages permitted under the relevant statutes cited herein;

F.  Pre- and post-judgment interest;

G.  Costs;

H.  Reasonable attorney fees; and

I.  All relief in law or equity, including injunctive relief, to which Plaintiff is entitled, and that the Court deems equitable, just, and proper.

Respectfully Submitted,

*/s/Ziad Tayeh*
Ziad Tayeh (0088027)
Tayeh Law Offices, LLC
22255 Center Ridge Rd, Suite 311
Rocky River, OH 44116
Phone: (440) 580-0365
Fax: (440) 359-8755
Email: info@Tayehlaw.com
Attorney for Plaintiff

**JURY DEMAND**

Plaintiff, by and through undersigned counsel, hereby demands a trial by jury with the maximum jurors permitted under Ohio law.

Respectfully Submitted,

*/s/Ziad Tayeh*
Ziad Tayeh (0088027)
Tayeh Law Offices, LLC
22255 Center Ridge Rd, Suite 311
Rocky River, OH 44116
Phone: (440) 580-0365
Fax: (440) 359-8755
Email: info@Tayehlaw.com
Attorney for Plaintiff