# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ROBIAH DARWISH, | ) | CASE NO. 1:25-cv-1749 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | **GRANTING LEAVE TO AMEND** |
| Defendants. | ) | **AND DENYING JUDGMENT ON** |
| | ) | **THE PLEADINGS** |
| | ) | |

On July 21, 2025, Plaintiff Robiah Darwish filed a complaint in Cuyahoga County Court of Common Pleas against Defendants Cuyahoga County, Carmille Fanara, Matthew Lawler, Adam Babics and Daniel Berman, asserting various claims under § 1983 and Ohio law.  (ECF No. 1-1). On August 22, 2025, Defendants removed the case to the Northern District of Ohio pursuant to 28 U.S.C. §§ 1331 and 1441 on the basis of the Court's federal question jurisdiction.  (ECF No. 1). Defendants filed their answer to the complaint on August 28, 2025.  (ECF No. 3).  The same day, Cuyahoga County filed a Rule 12(c) motion for judgment on the pleadings as to all claims against it.  (ECF No. 4).  On September 29, 2025, Plaintiff filed an amended complaint that added two new defendants, an additional § 1983 claim, and new factual allegations.  (*Compare* ECF No. 7, *with* ECF No. 1).

The Court finds that Plaintiff no longer had the right to file an amended complaint as a matter of course under the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 15 provides:

(1) A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

1

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Rule 15(a)'s plain text establishes that as soon as any responsive pleading or motion to dismiss is filed, the time to amend a complaint as a matter of course begins to run. Rule 15(a) does not distinguish between responsive pleadings (*e.g.*, answers) and Rule 12 motions to dismiss.  It states, without conditions, that the 21-day period  to amend as a matter of course begins after a service of  a "responsive pleading" or a "motion under Rule 12(b), (e), or (f)."  Fed. R. Civ. P. 15(a)(1)(B).  The Rule also explicitly contemplates circumstances where defendants have filed multiple responses to a single complaint, with the Rule stating that the 21-day period begins to run from the date of the earliest responsive document (whether an answer or motion to dismiss).  *See* Fed. R. Civ. P. 15(a)(1)(B).

The advisory committee notes also support this reading of the text.  Rule 15(a) was amended in 2009, with the Advisory Committee Notes stating:

> The distinction drawn in former Rule 15(a) is changed in two ways. First, the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). . . .
>
> Second, the right to amend once as a matter of course is no longer terminated by service of a responsive pleading. . . . Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading.  The right is subject to the same 21-day limit as the right to amend in response to a motion.

Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment.  The Advisory Committee further noted: "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative.  If a responsive

pleading is served after one of the designated motions is served, for example, there is no new 21-day period." *Id.* "Taken together, these changes mean that a plaintiff's 21-day clock to amend without leave of court applies to the case as a whole, not to individual defendants, and it begins to run with the first responsive pleading or Rule 12 motion filed in the case." *Doe v. Gupta*, No. 3:22-cv-1122, 2023 U.S. Dist. LEXIS 172281, at *6 (N.D. Ohio Sep. 27, 2023) (collecting cases); *see also Evans v. City of Ann Arbor*, No. 21-10575, 2021 U.S. Dist. LEXIS 130882, at *7 (E.D. Mich. July 14, 2021) (noting that "several district courts in the Sixth Circuit have come to the same conclusion").

Under Rule 15(a), Plaintiff had 21 days from the date of the earliest responsive document to file an amended complaint as a matter of course. In this case, the 21 days began to run when Defendants filed their collective answer on August 28, 2025. That deadline lapsed on September 18, 2025. Thus, Plaintiff could not amend her complaint as a matter of course under Rule 15(a) when she filed her amended complaint on September 29, 2025.

That said, even if Plaintiff could not amend her complaint as a matter of course, she could still file an amended complaint with leave of the Court. As mentioned previously, Rule 15(a)(2) provides that, in instances of amendment other than amending within 21 days of service of the initial complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." "Rule 15 reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (internal citations and quotation marks omitted). The Supreme Court has clarified that absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). The Sixth Circuit has emphasized that "case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

The Court finds no indication of undue delay, bad faith, or dilatory motive on part of Plaintiff. Moreover, the Court finds that there will be no undue prejudice to Defendants at this early stage of the proceeding if leave to amend is granted. This action was initiated in late July 2025 and has been removed to federal court for just over a month. The parties have not engaged in any discovery and only a single motion to dismiss has been filed at this point. Thus, the Court will treat the amended complaint (ECF No. 7) as filed with leave of the Court under Fed. R. Civ. P. 15(a)(2). The Court warns Plaintiff that she is obligated to comply with the Federal Rules of Civil Procedure and further violations may be subject to sanctions, such as striking a filing, or such other sanction as the Court deems appropriate. If she wishes to file any future amended complaint, she must either procure written consent from Defendants or leave of the Court. *See* Fed. R. Civ. P. 15(a)(2).

The filing of the amended complaint also affects the pending motion for judgment on the pleadings (ECF No. 4). "It is well-settled that motions to dismiss are rendered moot upon the filing of an amended complaint." *Doe v. Oberlin Coll.*, No. 1:17cv1335, 2018 U.S. Dist. LEXIS 237046, at *6 (N.D. Ohio Feb. 23, 2018) (citing cases); *see also Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is that filing an amended complaint moots pending motions to dismiss."); *Helms v. Aramark Corr. Servs.*, No. 3:22-cv-1557, 2022 U.S. Dist. LEXIS 231412,

at *2 (N.D. Ohio Dec. 21, 2022) (citing *Doe*, 2018 U.S. Dist. LEXIS 237046, at *6).  Because

Plaintiff has filed an amended complaint with leave of the Court, the Court **DENIES AS MOOT**

Cuyahoga County's motion for judgment on the pleadings (ECF No. 4).

       **IT IS SO ORDERED.**

Date: September 30, 2025

                                 *s/Charles E. Fleming*
                                 **CHARLES E. FLEMING**
                                 **UNITED STATES DISTRICT JUDGE**